JOHN SIERT, Plaintiff and Appellant, *v.* DONALD L.
McGINNIS and CONNIE M. McGINNIS, Defendants
and Respondents.

No. 9932.
Submitted November 30, 1959. Decided February 19, 1960.
349 Pac. (2d) 580.

See **C. J. S.** Mechanics' Liens, § 316.

538

MR. CHIEF JUSTICE HARRISON delivered the opinion of the court.

Plaintiff, John Siert, a contractor and builder, brought this action to foreclose a mechanic's lien on residence property owned by defendants, husband and wife, in Fort Benton, Montana.

In his amended complaint, plaintiff alleged that he performed work and labor and furnished materials in the construction of a residence building and attached garage upon the request of defendant husband, Donald L. McGinnis (hereinafter referred to as the defendant), and upon his promise to pay the reasonable value thereof; that the reasonable value of such labor and materials was $24,248.29; that no part has been paid except the sum of $19,468.04; that the sum of $4,780.25 is now due and defendants have refused to pay said sum on his demand; that plaintiff has duly filed a claim of lien for this amount. Plaintiff prayed for judgment for the above amount with interest; that the sum be adjudged a lien on the premises; that a sale be decreed; and that plaintiff have judgment on any deficiency remaining after said sale.

In their answer, defendants admitted that plaintiff built a residence with garage at the request of Donald L. McGinnis, but denied the other substantial elements of the complaint.

As a counterclaim, defendants alleged that on or about the 1st day of July 1954, the plaintiff and defendant entered into a contract whereby plaintiff agreed to build a residence and garage at an agreed cost of $15,800, which defendant agreed to pay, and that pursuant to said contract, plaintiff built the resi-

dence and garage and defendant paid plaintiff the contract price.

Defendants alleged further that during the course of construction, defendant requested certain additions and modifications to the construction which plaintiff agreed to construct at a cost of $2,851.86 and that defendant paid said sum to plaintiff.

It was further alleged by defendants that the contract between the defendant and plaintiff included all plumbing and heating to be installed on the premises; that defendant has paid plaintiff in full for labor and material for plumbing and heating, but that the subcontractor, Mohar Plumbing and Heating Company of Chinook, Montana, has caused a mechanic's lien to be filed on defendant's residence property in the amount of $1,298; that by reason of the failure of plaintiff to pay said subcontractor and by the filing of the aforesaid lien by Mohar, defendants have been damaged in the sum of $1,298. Defendants prayed that plaintiff take nothing by his complaint, that defendants have judgment for the sum of $1,298 and interest, for an order discharging the lien filed by plaintiff and for defendants' costs of suit.

Plaintiff's reply denied the existence of any contract to build the residence and garage for $15,800; re-alleged that defendant promised to pay the reasonable cost thereof; admitted that defendant requested certain additions but alleged that he constructed the same on defendant's promise to pay the reasonable value therefor.

The matter was tried without a jury and the court found, inter alia; that plaintiff and defendant had entered into an oral agreement whereby plaintiff agreed to do the construction for a fixed price of $15,800; that plaintiff had performed the work; that certain changes were made by agreement of both parties and that the reasonable value thereof was $2,851.86. It was found that at the time of the agreement to build the residence and garage, plaintiff had computed the cost of wiring at $500

and the cost of plumbing and heating at $2,000, but that these portions of the construction were subcontracted for the sums of $614 and $3,363 respectively and that defendant had acquiesced to both increases. The court further found that because costs were far in excess of the original agreement, plaintiff agreed to reduce his claim in the sum of $814.88; that defendant has paid to plaintiff the sum of $18,652.46 and was allowed credits of $257.70 and $354.78 for materials not used and returned, the total paid or credited being $20,079.82, including the credit of $814.88.

Further the court found that plaintiff was entitled to payment from defendants of $20,128.86, this being the total of $15,-800 of the original agreement, $2,851.86 as the cost of modifications and extras and $1,477 as the amount of increase in the wiring and plumbing costs acquiesced in by defendant. The court also found that plaintiff should have paid the subcontractor Mohar Plumbing and Heating Company for its services, and that as a result of his failure to do so, defendants have been damaged in the sum of $1,298 plus interest.

Judgment was awarded defendants for the sum of $1,298 plus interest thereon, less the sum of $49.04 and interest, the amount found to be still owing to plaintiff.

Since the entry of the judgment, plaintiff has paid the subcontractor Mohar Plumbing and Heating Company and its lien has been discharged, hence, any question with respect to plaintiff's liability for the amount of this lien is moot and will not be considered further.

Plaintiff contends that there is not substantial evidence to support the finding that the agreement was for a fixed price of $15,800, but further contends that if there was such an agreement, then the finding that defendants are entitled to certain credits is inconsistent and cannot stand.

As is true, in most cases where the terms of an oral agreement are in dispute, the evidence concerning them is in hopeless conflict. Plaintiff testified that the figure of $15,800 was

only an estimate of the cost of construction. Defendants insist that it was the fixed sum for which plaintiff agreed to do the work. Where the court is the trier of fact, its findings will not be disturbed or reversed if the evidence, fully considered, furnishes reasonable grounds for different conclusions. Dalbey v. Equitable Life Assurance Society, 105 Mont. 587, 598 74 Pac. (2d) 432. It is the trial court's office to resolve inconsistencies in the testimony. Havre Irrigation Co. v. Majerus, 132 Mont. 410, 414, 318 Pac. (2d) 1076. The district court had full opportunity to see and hear the witnesses, and we should not substitute our judgment for that of the trial court if there is substantial evidence to support it. Here, the trial court chose to believe the defendants and there is no reason why we should interfere with the court's finding with respect to the terms of the agreement.

There is merit however in plaintiff's contention that the finding that defendants are entitled to certain credits is inconsistent with its finding that a contract for a fixed price of $15,800 for construction of the residence and garage was entered into.

As was mentioned earlier, the district court found that defendants were entitled to credits totaling $617.48 for materials not used and returned and to a credit of $814.88 "because costs were running so high". These findings are inconsistent with the finding that the construction contract was for a fixed price. If plaintiff was bound to construct the dwelling and garage for $15,800, regardless of cost to him of materials and labor, then defendants are bound to pay that sum, and the cost of materials and labor is of no concern to them. Likewise, if defendants are obligated to pay $15,800 as a fixed sum, it is inconsistent to find that they are also entitled to credits because of rising costs as higher than estimated costs are consistent only with a cost plus contract.

For the reasons stated, the cause is remanded to the district court with instructions to modify the judgment herein by dis-

allowing the credits allowed defendants for $257.70, $354.78 and $814.88 and enter judgment in favor of plaintiff for the sum of $1,476.40, together with interest from the date of completion of said structure, July 20, 1956, each party to bear his own costs on this appeal.

It is so ordered.

MR. JUSTICES BOTTOMLY, ADAIR, ANGSTMAN and CASTLES, concur.